OrmioN or the Court.
THIS writ of error is pi»8secuted by Davis, to a judgment- recovered against him, in an action of trover and conversion, brought by Shreve and Coombs.
The property alleged to have been converted by Davis, was taken by him android under executions-which issued in favor of others, against the estate of Charles Edwards-, and which were put into the hands of Davis, a deputy Sheriff for collection; and the right to the property is asserted by Shreve and Coombs un-dena deed of trust, which had been executed to them for the property by Edwards, before the executions were delivered to Davis.
On the trial in the circuit court, the deed of trust, was read in evidence, and purports to have been given as collateral security to secure Shreve and Coombs in the repayment of from two to five hundred dollars, winch was agreed hv them to be thereafter advanced to Edwards. Tne deed of trust bears date the 6th of A, ril 18.18, and attached thereto are various receipts, subsequent in date to the deed of trust, purporting to ha -e been given by Edwards for different sums received from Shreve and Coombs. The signature of these receipts were proved to be the band writing of Edwards, and are all prior in dale to the emanation of the executions under which Davis seized the property; but all of the receipts were admitted to have been given since.
Upon these facts, the court were applied to by the counsel of Davis to instruct the jury, that if they found the receipts of Edwards to Shreve and Coombs, were *261 given and attached to the deed of trust, after the property had been taken in execution by the Sheriff, they were illegal and incompetent evidence and ought not to be regarded by them; but the court overruled the motion and refused to give the instructions.
Assuming the facts to be true upon which the motion for instructions was hypothecated, the principle is not perceived on which the competency of the receipts as evidence can be maintained. The receipts amount to nothing more than the acknowledgment of Edwards made after the property was taken by Davis, and surely such acknowledgments according to the rules of evidence, cannot be brought in aid of the claim asserted by Shreve and Coombs for compensation. If it were deemed material for the interest of Shreve and Coombs to prove the payment of the money agreed tobe advanced to'Edwards, it should have been done by the introduction of a witness in court where there might have; been a cross examination, and not by the receipts admitted to be given by Edwards after the act had been done by Davis for which damages are sought by Shreve and Coombs.
But it was urged in argument, that if the evidence is incompetent it ought to have been objected to when first offered to the jury, and as it was suffered to be read to the jury, the application to the court came too late. We, however, think differently. Whether or not upon the facts supposed, the receipts were incompetent evidence and ought to have been disregarded by the jury, is evidently a question of law, and it is never too late during the progress of the trial and before the jury withdraw from the bar, to apply to the court for a decision of a question of law. The ancient practice required objections to the admission of witnesses to b<? taken before they were sworn; but that strictness has long since been relaxed, and it has been held admissible to object to the competency of a witness at any time in the progress of the trial, though he he examined in chief.
It would no doubt have been competent for the court to have decided on the competency of the evidence without refering the facts tobe decided by the jury; hut it was equally competent to refer the decision of tire facts to the jury, and as the evidence went to establish the facts which we suppose rendered the receipts in-^ *262 competent, we see no reason why the instructions should not have been given to the jury.
The judgment must,, therefore, be reversed with costs, the cause remanded' to the court below, and further proceedings had not inconsistent with this opinion.